Dennis Andrews **EFSTATHIOU** a/k/a
**Dennis Andrews**

v.

Richard E. **PAYEUR** et al.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1982.
Decided March 2, 1983.

Bernstein, Shur, Sawyer & Nelson, Christoph L. Vaniotis (orally), George M. Shur, Portland, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ernest L. Babcock (orally), Portland, for defendants.

Before GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

VIOLETTE, Justice.

Defendants Richard and Catherine Payeur and Kevin and Gail O'Neil appeal from a judgment of the Superior Court, York County, which accepted the report of a referee in a boundary dispute. On appeal, defendants challenge the Referee's boundary description and contend that the Town of Ogunquit should have been joined as a necessary party. Because we agree with defendants' latter contention, we vacate the judgment.

In 1967, Josias Lane was dedicated to, and accepted by, the Town of Ogunquit.

The instant boundary dispute centers on a cul-de-sac on that lane. Efstathiou owns a lot at the top of the cul-de-sac; he argues that his land abuts the cul-de-sac, affording him access to the lane. The O'Neils and Payeurs own lots flanking the cul-de-sac; they argue that their lots meet at the top of the cul-de-sac, denying Efstathiou access.

Efstathiou initially sued for a declaration of his right of access onto Josias Lane and for damages resulting from a fence, erected by defendants, blocking his access to the lane. Defendants counterclaimed for damages resulting from Efstathiou's continued trespass over the disputed property and for a permanent injunction against any further trespass.

According to the Referee's Report, the parties agreed at a pre-hearing conference [1] that they actually sought "a declaratory judgment as to the location of the common boundary line between their properties in Ogunquit and *the location of a public way in the form of a cul-de-sac known as Josias Lane in relation to that boundary*." (emphasis added). Defendants then amended their answer and counterclaim to deny that the portion of Josias Lane over which Efstathiou sought access was a public way and to seek the reformation of their deeds "to conform with the intention of the developer" of their subdivision. The Referee's Report, accepted by the Superior Court, recommended boundaries that afforded Efstathiou a 26 foot wide access to Josias Lane.

The Report also recommended, "[o]n defendants' counterclaim for trespass, injunction and reformation, judgment for plaintiff."

Prior to the pre-hearing conference, defendants moved to dismiss Efstathiou's complaint for failure to join the Town of Ogunquit as a "necessary and indispensable" party. Because Ogunquit was clearly subject to service of process, however, *see* 30 M.R.S.A. § 1102; M.R.Civ.P. 4(d)(5), joinder, not dismissal, was the appropriate remedy. M.R.Civ.P. 19; *Housing Securities, Inc. v. Maine National Bank*, 391 A.2d 311, 315 n. 4 (Me.1978).

Even reading defendants' motion as a Rule 19(a) motion for joinder, we find that the Superior Court did not err in denying the motion. As initially framed in the pleadings, the case required a determination only of whether plaintiff or defendant owned the land at the top of the Josias Lane cul-de-sac. There was no indication at that time that the town's interests would be involved in the court's decision.

The Town of Ogunquit should, however, have been joined as a necessary party following the Referee's restatement of the issues in the case.[2] Rule 19(a) calls for joinder of a party subject to service of process if

(1) in [its] absence complete relief cannot be accorded among those already parties,

---

1. The docket sheet itself contains no reference to either a pre-trial conference or a pre-trial order.

2. Because we may take notice of the absence of a necessary party on our own accord, M.R. Civ.P. 19(a), 21; *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936, 945–56 (1968); *see Cushing v. Cohen*, 420 A.2d 919, 927–28 (Me.1980); *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 24–25 (Me.1978); *Desmond v. Persina*, 381 A.2d 633, 639 (Me.1978); Field, McKusick & Wroth, *Maine Civil Practice* § 19.1 (Supp.1981), we need not decide whether defendants properly preserved the joinder issue themselves. The only mention in the record of a challenge to the town's absence following the Superior Court's initial denial of defend-

ant's Motion to Dismiss is an entry in defendants' Pre-Trial Memorandum under the heading "Motions Pending": "Defendants renew their Motion to Dismiss Plaintiff's Complaint, which motion was denied by [the presiding justice] on July 7, 1981." Although the record does not indicate whether that entry was itself intended to renew the "Motion to Dismiss" or how the motion, if properly renewed, was disposed of, defendants' brief states that "[d]efendants renewed their Motion to Dismiss in ... their Pre-Trial Memorandum. At the pre-trial conference, the Referee denied the renewed Motion to Dismiss." As we have previously noted, however, "[b]riefs are merely written arguments and are no part of the pleadings." *Lund ex rel. Wilbur v. Pratt*, 308 A.2d 554, 557 (Me. 1973) (citation omitted).

or (2) [it] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest.

After the case was reframed as a declaratory judgment involving the location of Josias Lane, both branches of Rule 19(a) required Ogunquit's joinder.

The joinder standard prescribed in Rule 19(a)(1) "is designated to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1604, at 36 (1972) (note omitted). In the instant case, the Referee intended to define the boundaries of a public way. His determination, however, could not completely adjudicate the dispute between the parties because it left the Town of Ogunquit free to relitigate the way's boundaries.

The second part of Rule 19(a) focuses on the interests of the absent party. In this case, the Town of Ogunquit has a clear interest in participating in any suit purporting to effect the boundaries of its public ways. *See Boothbay Harbor Condominiums, Inc. v. Department of Transportation,* 382 A.2d 848, 853 (Me.1978); *Lund ex rel Wilbur v. Pratt,* 308 A.2d 554, 560 (Me. 1973).

We therefore conclude that the Town of Ogunquit was a necessary party to the case and that the case must be remanded to the Superior Court for the town's joinder.

The entry is:

Appeal sustained.

Judgment vacated. Case remanded to the Superior Court for the joinder of the Inhabitants of the Town of Ogunquit as a necessary party.

All concurring.