**Dennis Andrews EFSTATHIOU a/k/a Dennis Andrews**

v.

**Richard E. PAYEUR, et al.**

Supreme Judicial Court of Maine.

Argued May 4, 1984.

Decided Dec. 3, 1984.

Bernstein, Shur, Sawyer & Nelson, Christopher L. Vaniotis (orally), George M. Shur, Peter J. Rubin, Portland, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Ernest J. Babcock (orally), Daniel M. Snow, Portland, for defendants.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

SCOLNIK, Justice.

Richard E. Payeur, *et al.*, appeal from a judgment in the Superior Court (York County) accepting and adopting a referee's report pursuant to M.R.Civ.P. 53(e)(2), and entering judgment for the plaintiff on his complaint for declaratory relief as to the length and location of a property abutment.[1] Appellants argue, *inter alia*, that the referee erred as a matter of law in relying upon monumentation that conflicted with the legal description of the disputed property contained in a Return of Overseers of the Town of Ogunquit, and that the Superior Court consequently erred in accepting and adopting the referee's report. From the record before us, we cannot ascribe error either to the referee or the Superior Court.

The referee resorted to monumentation to determine the length and location of the abutment only after concluding that the Return of the town overseers contained an ambiguity. In making this finding, he conducted a two-day hearing of which no transcript has been made. Consequently, we cannot discern whether the referee considered the surveyors' depositions, what exhibits were admitted, or what testimony was presented. In short, without a transcript, we have no way of determining the evidence upon which the referee relied in finding and then resolving an ambiguity in the Return.

■■■ Where the reference is by agreement of the parties, the referee must file with the clerk of the Superior Court the report, the original exhibits, and "any transcript which, at the election and expense of one or more of the parties may be made of the proceeding and of the evidence before the referee." M.R.Civ.P. 53(e)(1). Under this rule, the party desiring a transcript has the burden of seasonably requesting it. *Calthorpe v. Abrahamson*, 423 A.2d 231, 234 (Me.1980). Without a transcript, these defendants cannot sustain their burden of proving clear error by the referee. *See Cunningham v. Cunningham*, 314 A.2d 834, 839 (Me.1974).

The entry is:

Judgment affirmed.

All concurring.

---

1. Many of the facts of this dispute are set forth in *Efstathiou v. Payeur*, 456 A.2d 891 (Me.1983).