CENTRAL FEDERAL SAVINGS F.S.B., Respondent, v LAURELS SULLIVAN COUNTY ESTATES CORPORATION et al., Defendants, and FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Appellant.

Third Department, February 2, 1989

## APPEARANCES OF COUNSEL

*Pieper Hoban & Royce, P. C. (Stephen P. Hoban* of counsel), for appellant.

*Abelson, Goldston & Odesser (Alan M. Goldston* and *Richard H. Abelson* of counsel), and *Cooke & Davis* for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

In February 1978, defendant Laurels Sullivan County Estates Corporation (hereinafter Laurels) executed a mortgage to Jack Halperin in the amount of $1,900,000 covering property it had acquired in December 1977. The mortgage was thereafter assigned to Natalie Development, Inc. (hereinafter Natalie). Due to nonpayment of taxes, the Sullivan County Treasurer took title to the mortgaged premises in July 1980 *(see,* RPTL 1008). In 1982, Laurels executed mortgages which were consolidated in April 1983 into a single lien in favor of Arthur Geller in the amount of $400,000; by recorded agreement, the Natalie mortgage was subordinated to the Geller mortgage.

Following expiration of the statutory redemption period, the mortgaged premises were conveyed to Sullivan County by tax sale deeds dated October 3, 1983 and recorded October 5, 1983. The County Board of Supervisors by Resolution No. 272 authorized the public sale of the property but provided that prior

thereto Laurels could privately repurchase it by tendering the past due taxes by October 14, 1983. On that date and for that very purpose Laurels borrowed $1,000,000 from plaintiff, secured by an assignment of the Natalie mortgage to plaintiff. Additionally, plaintiff was furnished a $1,000,000 letter of credit from the Flushing Federal Savings and Loan Association (hereinafter Flushing) to be drawn upon in the event Laurels or its president, Halperin, defaulted. To induce issuance of the letter of credit plaintiff, in turn, agreed to assign the Natalie mortgage, which plaintiff described as being subject and subordinate only to a first mortgage held by Geller, to Flushing should it have to draw upon the letter of credit. Laurels, for its part, executed an estoppel certificate, which was recorded October 17, 1983, certifying that the $1,900,000 mortgage was a valid second lien on the premises it was then purchasing from the county.

Some nine months later, on July 24, 1984, Flushing loaned Laurels $900,000 secured by a third mortgage on the subject property. This mortgage was assigned to defendant Federal Savings and Loan Insurance Corporation (hereinafter FSLIC) in May 1986. A foreclosure action which had been commenced by Flushing in September 1985 when Laurels defaulted on this last mortgage resulted in the entry of a judgment of foreclosure and sale on October 19, 1987, with a scheduled sale date of November 24, 1987. The property was ordered to be sold subject to the interest, if any, of Geller, who had been named as a party defendant in that suit, and subject to the prior mortgage held by plaintiff. In February 1985, seven months before the Flushing foreclosure suit was initiated, Geller had commenced a foreclosure action. The Geller suit was terminated when, in August 1985, Supreme Court ruled that Geller's mortgage had been extinguished by the tax sale of the mortgaged property back to Laurels. Finally, in addition to the instant foreclosure action instituted by plaintiff on the remaining mortgage in September 1987, plaintiff has a separate action pending against Flushing predicated on the letter of credit, which the latter has refused to honor, and an undetermined involuntary bankruptcy proceeding involving Laurels is also pending.

In the action at bar, FSLIC interposed seven affirmative defenses and counterclaimed for a judgment declaring that the subject mortgage was extinguished and void. Plaintiff moved pursuant to CPLR 3211 (a) (1) for dismissal of the affirmative defenses and the counterclaim; FSLIC cross-moved

for, *inter alia,* summary judgment dismissing the complaint. Supreme Court dismissed FSLIC's counterclaim and all but FSLIC's sixth affirmative defense, and denied the cross motion for summary judgment. FSLIC, as limited by its brief and a stipulation, appeals from the dismissal of its counterclaim and its first and second affirmative defenses, which assert that the Natalie mortgage was extinguished by the tax sale and by reason of the decision of Supreme Court in the Geller action.

FSLIC's first affirmative defense and counterclaim, both of which avouch that the subject mortgage was extinguished by the tax sale, should not have been dismissed. A tax sale cuts off all prior private titles, liens and encumbrances (RPTL 1020 [1]; *Segar v Youngs,* 58 AD2d 368, 370, *affd* 45 NY2d 568), and upon failure of the mortgagee to redeem the property pursuant to RPTL 1024 (1), the tax sale purchaser's title becomes absolute and the mortgage unenforceable *(Melahn v Hearn,* 60 NY2d 944, 945-946). The Natalie mortgage was accordingly extinguished when the property was conveyed to the county *(see, J.K.S.P. Rest. v County of Nassau,* 127 AD2d 121, 129).

Plaintiff argues that the County Board of Supervisors intended to "revive" preexisting private liens by the declaration in Resolution No. 272 that the county would "convey the lands subject to: * * * Liens or other encumbrances and subject to all easements or rights of way which were in existence at the time of the levy of the tax, the non-payment of which resulted in the tax sale". Aside from the fact that it was not within the power of the county under RPTL 1018 (4) to modify the statutory scheme which allows only for the survival of public claims for taxes, liens or other encumbrances (RPTL 1020 [1] [a]), the record sheds no light on why the county would be motivated to make a tax sale subject to an already extinguished $1.9 million mortgage.

Nor, with respect to FSLIC, does the estoppel certificate issued to plaintiff by Laurels resurrect or revitalize this dead mortgage *(see generally, Bogert v Bliss,* 148 NY 194, 199). An estoppel certificate bars the person who executes it and anyone in privity of estate with him from interposing an otherwise valid defense to the mortgage *(see,* 38 NY Jur, Mortgages and Deeds of Trust, §§ 73, 202, at 128, 389 [1964]; *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 586-587). It is not suggested that FSLIC's predecessor in interest, Flushing, was in privity of estate with Laurels nor does plaintiff set forth facts sufficient to even consider a finding that the effect of the

estoppel certificate was to create a new mortgage *(see,* Tax Law § 258).

■ It is also urged by plaintiff that FSLIC should be equitably estopped from maintaining the extinguishment defense because Flushing misled plaintiff into accepting the validity of the Natalie mortgage by its issuance of the $1,000,000 letter of credit. Equitable estoppel requires clear and convincing proof that the party against whom estoppel is directed misrepresented or concealed material facts, with knowledge of the real facts, and with the intention that the other party act in reliance upon the disingenuous conduct and that the party seeking to invoke estoppel detrimentally relied on that conduct in excusable ignorance of the true facts *(see, Bergner v Kick,* 85 AD2d 911, 912, *affd* 56 NY2d 795; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82). Except for a general accusation of profound deception not based on personal knowledge, plaintiff has failed to establish any of these elements. The only evidence relied upon by plaintiff to support its involuted theory is the estoppel certificate to which FSLIC and Flushing were not parties and Flushing's issuance of a letter of credit. Even if Flushing or FSLIC treated the extinguished mortgage as a valid obligation with the intent of misleading plaintiff, that does not excuse plaintiff's supposed ignorance or oversight, if that be the case, for plaintiff had as much opportunity to assure itself of the validity of the Natalie mortgage as did they. Indeed, it is difficult to accept plaintiff's claim of ignorance given that its president was engaged in a joint venture with Halperin to develop the subject premises and that the money it lent was earmarked for the express purpose of reacquiring the property from the county. And to the extent that plaintiff's misplaced reliance on the viability of the Natalie mortgage was an error of law, equity may not be called upon to rescue it *(see, supra; Pizitz Dry Goods Co. v New York Hamilton Corp.,* 228 App Div 325, 327).

■ While plaintiff's claims lack substance, FSLIC, on the other hand, has produced evidence in admissible form entitling it to favorable action on its counterclaim. It was therefore incumbent upon plaintiff to come forward with evidence demonstrating a genuine, triable issue of fact or an excuse for not doing so *(see,* CPLR 3212 [b]; *Vermette v Kenworth Truck Co.,* 68 NY2d 714, 716). Since plaintiff has failed in this regard, FSLIC is entitled to summary judgment. However, FSLIC is not entitled to dismissal of the foreclosure action, for plaintiff may still assert a cause of action against Laurels

based upon the estoppel certificate, but whatever foreclosure right it may have is unenforceable against FSLIC whose lien has priority.

■ Finally, although there are some surface comparisons between plaintiff's and Geller's respective suits to foreclose, the latter stands apart significantly in issues presented and did not include an adjudication of the rights of the parties relative to the subject mortgage; consequently, although FSLIC would have it otherwise, the doctrines of collateral estoppel and res judicata are inapplicable between these two actions and FSLIC's second affirmative defense was property dismissed.

MAHONEY, P. J., KANE, MIKOLL and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion to dismiss defendant Federal Savings and Loan Insurance Corporation's first affirmative defense and counterclaim and denied said defendant's cross motion for summary judgment on its counterclaim; plaintiff's motion denied to that extent and defendant Federal Savings and Loan Insurance Corporation's cross motion for summary judgment partially granted by dismissing the complaint against it; and, as so modified, affirmed.