**James BOOKER, et al.**

**v.**

**TOWN OF POLAND.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1991.

Decided Oct. 31, 1991.

Curtis Webber (orally), Linnell, Choate & Webber, Auburn, for plaintiffs.

Ronald E. Lebel (orally), Rocheleau, Fourneir & Lebel, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The Town of Poland (Town) appeals from a judgment of the Superior Court (Androscoggin County, *Alexander, J.*) reversing a decision of the Planning Board of the Town of Poland (Board) granting Peter Perry a conditional use permit to construct a parking lot on land owned by Perry. As the parties did before the trial court, the Town argues, *inter alia*, that Perry is a necessary party to the present action and the plaintiffs contend that he is not. We agree with the Town. Accordingly, we vacate the judgment and remand this matter to the Superior Court.

In August 1990, Peter Perry d/b/a Perry Transport filed with the Board an application for a conditional use permit to construct a parking area on certain property owned by Perry and located on Empire Road in Poland. After a public hearing, the Board approved the issuance of the permit. The plaintiffs, neighboring landowners, filed the present action against the Town in the Superior Court seeking a review of the Board's decision pursuant to M.R.Civ.P. 80B. The Town filed a motion to compel the plaintiffs to join Perry as a party defendant, which plaintiffs strenuously resisted. The Superior Court denied the motion. After reviewing the Board's decision, the court vacated the permit issued to Perry and remanded the matter to the Board with directions to dismiss Perry's application for a permit. This appeal followed.

The joinder of necessary persons required for a just adjudication of a proceeding before the court is addressed by M.R.Civ.P. 19(a), which provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a

substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

*See also Caron v. City of Auburn,* 567 A.2d 66 (Me.1989) (grantee of a zoning variance is a necessary party under Rule 19(a)). Here, it is clear that Perry has an interest in the present litigation. Plaintiffs make no claim that Perry is not subject to the service of process as required by Rule 19. We have previously noted that the joinder standard prescribed by this rule "is designated to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." *Efstathiou v. Payeur,* 456 A.2d 891, 893 (Me.1983) (quoting 7 C. Wright & A. Miller, *Federal Practice and Procedure* § 1604, at 36 (1972)). Accordingly, we hold that Perry is a necessary party in this action, and we vacate the judgment.[1]

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

[1]. The issue has not been presented, and therefore, we express no opinion as to the validity of any defenses Perry may assert should plaintiffs hereafter seek his joinder in this case.