William CENTAMORE, et al.

v.

COMMISSIONER, DEPARTMENT
OF HUMAN SERVICES.

Supreme Judicial Court of Maine.

Argued June 4, 1993.

Decided Oct. 18, 1993.

Robert C. Santomenna (orally), Beagle, Pearce, Feller & Ridge, Portland, for plaintiffs.

Andrew M. Gattine (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Plaintiffs,[1] residents of the Town of Sweden, appeal from a judgment entered in the Superior Court (Oxford County, *Sheldon, J.,*) denying their petition for review of a decision of the Commissioner of the Department of Human Services authorizing Earl Buker to transport water in quantities exceeding ten gallons beyond the boundaries of Sweden and municipalities bordering Sweden, pursuant to 22 M.R.S.A. § 2660–A(3) (1992).[2] Plaintiffs

---

1. The plaintiffs in this case are William Centamore, Lois Centamore, Evelyn Ridlon, Leo Marx, Jane Marx, Wyatt Ridlon, and Wendy Ridlon.

2. 22 M.R.S.A. §§ 2660–A(1) & (3) (1992) provide:
   **1. Prohibition.** Except as otherwise provided in this section, no person may transport water for commercial purposes by pipeline or other conduit or by tank truck or in a container, greater in size than 10 gallons, beyond the boundaries of the municipality or township in which water is naturally located or any bordering municipality or township.
   . . . .
   **3. Appeal.** The Commissioner of Human Services, after consultation with the Public Utilities Commission, the State Geologist and the State Planning Office, may authorize transport of water for commercial purposes if the commissioner finds that: Transport of the water will not constitute a threat to public health, safety or welfare; that the water is not available naturally in the location to which it will be transported; and that failure to authorize transport of the water would create a substantial hardship to the potential recipient of the water. Any authorization under this subsection shall be for a period not to exceed 3 years, but may be renewed subject to the same criteria.

contend that the Commissioner erred in interpreting section 2660–A and that his findings made pursuant to that section are not supported by substantial evidence in the record. Because the plaintiffs have failed to join Buker, a necessary party under M.R. Civ. P. 19(a), our opinion on the substantive merits of the appeal would be in the nature of an advisory opinion, not binding on Buker. Accordingly, we dismiss the appeal and remand to the Superior Court.

Earl Buker, a Massachusetts resident, owns approximately forty-four acres of land in the Town of Sweden. Buker wishes to market and sell water from springs located on his land. 22 M.R.S.A. § 2660–A, however, prohibits the transportation of large quantities of water beyond the boundary of the municipality in which the water is naturally located unless the Commissioner of the Department of Human Services specifically authorizes such transport.[3] Pursuant to section 2660–A(3), Buker applied to the Commissioner for authorization to transport the spring water in tanker trucks beyond Sweden and its bordering towns for commercial marketing. The Commissioner determined that, in this case, all the criteria set forth in 22 M.R.S.A. § 2660–A(3) had been satisfied and he authorized Buker to transport the water. The plaintiffs brought this action in the Superior Court pursuant to 5 M.R.S.A. § 11002 (1989) and M.R.Civ.P. 80C as an appeal of the Commissioner's action.[4] The appeal to this court followed the Superior Court's affirmance of the Commissioner's decision.

M.R.Civ.P. 19(a) provides as follows:

A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

■ Rule 19(a) requires " 'the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute.' " *Efstathiou v. Payeur*, 456 A.2d 891, 893 (Me.1983) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1604, at 36 (1972)). The requirement protects those who are already parties to the litigation because it ensures that issues do not have to be relitigated. *Efstathiou*, 456 A.2d at 89; *Booker v. Town of Poland*, 599 A.2d 812, 813 (Me.1991); *see also Caron v. City of Auburn*, 567 A.2d 66, 68 (Me.1989); Field, McKusick & Wroth, *Maine Civil Practice* § 19.1 at 368 (2d ed. 1970) (avoiding repeated lawsuits is in the public interest).

■ The Commissioner, as the issuing authority under the statute, is, of course, a proper defendant in this case. Buker, however, as the person to whom the permit was issued, also has an interest in this lawsuit. There is nothing to indicate that Buker is not subject to service of process. *See* M.R.Civ.P. 19(a) and (b). Failing to join Buker in this case impedes his ability to protect his interests. *See id.* Moreover, any relief that the court may award would not "effectively and completely adjudicate the dispute" if it did not bind Buker. He is, therefore, a necessary party. *Booker*, 599 A.2d at 813; *Efstathiou*, 456 A.2d at 893.

Although the Commissioner could have moved to dismiss the action for failure to join a necessary party, *see Caron*, 567 A.2d at 68,

---

3. *See supra* note 2.

4. We note that plaintiffs did not attempt to join Buker, who participated in the proceedings before the Commissioner, as a necessary party to this action, *see* M.R.Civ.P. 19. Nor did the State move to dismiss for failure to join a necessary party. *See Caron v. City of Auburn*, 567 A.2d 66, 68 (Me.1989). Buker, likewise, took no steps to intervene. *See* M.R.Civ.P. 24.

neither the trial court nor this court is precluded from raising the issue *sua sponte*. *See Efstathiou,* 456 A.2d at 892 n. 2.

The entry is:

Judgment vacated. Remanded to Superior Court for joinder of Earl Buker, a necessary party.

All concurring.