2001 ME 120

**OCWEN FEDERAL BANK, FSB**

v.

**Anne GILE et al.[1]**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 25, 2001.
Decided: July 25, 2001.

1. Citizens Bank New Hampshire and Household Finance Corporation II were both joined as parties in interest due to their mortgage interests in the property at issue. The Town of Eliot was not joined as a party in interest in the underlying foreclosure action but filed a brief on appeal.

Paul E. Peck, Esq., Scott E. Herrick, Esq., Drummond & Drummond, LLP, Portland, for plaintiff.

Patrick S. Bedard, Esq., Eliot, (for Anne Gile), Joan M. Fortin, Esq., Robert J. Crawford, Esq., Bernstein, Shur, Sawyer & Nelson, P.A., Portland, (for Town of Eliot), for appellees.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Ocwen Federal Bank, FSB appeals from the judgment entered in the District Court (York, *Wheeler, J.*) denying its motion for summary judgment, and granting Anne Gile's motion for summary judgment. On appeal, Ocwen contends that the notice provision of 36 M.R.S.A. § 942 (1990 &

Supp.2000),[2] establishing a thirty-day period for notice of a tax lien, is not subject to 36 M.R.S.A. § 153(2) (1990),[3] which states that a time limit shall be extended if the last day of the time to take an action is a Saturday, Sunday, or legal holiday. Ocwen claims that the Town of Eliot failed to timely record the tax lien certificate during the ten-day period following the thirty-day notice period and that, as a result, Ocwen and Gile maintain a continuing interest in the property. Because the Town is a necessary party to determination of its ownership interest in the property, we vacate and remand to join the Town as a party so that it may participate fully in the trial court proceedings.

## I. CASE HISTORY

[¶ 2] On June 29, 1996, Anne Gile signed a note to evidence her debt to Ford Consumer Finance Company, Inc. The note was secured by a mortgage on Gile's property located in Eliot. Pursuant to the mortgage, Gile was required to pay all taxes, liens, assessments, obligations, and other charges on the property, and her failure to do so entitled the mortgagee to immediate payment in full of the note balance.

[¶ 3] Gile failed to pay taxes on the property. To secure payment of the 1997 taxes, on June 26, 1998, the Town of Eliot sent Gile by certified mail a thirty-day notice and demand pursuant to 36 M.R.S.A. § 942, requesting payment of taxes. On August 6, 1998, because no payment of the 1997 taxes had been received, the Town filed a tax lien certificate on the property pursuant to 36 M.R.S.A. § 943 (1990 & Supp.2000)[4] in the amount of $1379, with interest of $99.98 and costs

2. Section 942 states in relevant part:
   After the expiration of the 30 days and within 10 days thereafter, the tax collector shall record in the registry of deeds of the county or registry district where the real estate is situated a tax lien certificate signed by the tax collector or bearing his facsimile signature, setting forth the amount of the tax, a description of the real estate on which the tax is assessed and an allegation that a lien is claimed on the real estate to secure the payment of the tax, that a demand for payment of the tax has been made in accordance with this section, and that the tax remains unpaid.

3. Section 153(2) states as follows:
   When the last day, including any extension of time, prescribed under this Title for the performance of an act falls on Saturday, Sunday or a legal holiday in this State, the performance of that act is timely if it occurs on the next succeeding day which is not a Saturday, Sunday or legal holiday in this State.

4. Section 943 states in relevant part:
   The filing of the tax lien certificate in the registry of deeds shall create a tax lien mortgage on said real estate to the municipality in which the real estate is situated having priority over all other mortgages, liens, attachments and encumbrances of any nature, and shall give to said municipality all the rights usually incident to a mortgagee, except that the municipality shall not have any right of possession of said real estate until the right of redemption shall have expired.
   The filing of the tax lien certificate in the registry of deeds shall be sufficient notice of the existence of the tax lien mortgage.
   In the event that said tax, interest and costs shall be paid within the period of redemption, the municipal treasurer or assignee of record shall prepare and record a discharge of the tax lien mortgage in the same manner as is now provided for the discharge of real estate mortgages.
   If the tax lien mortgage, together with interest and costs, shall not be paid within 18 months after the date of the filing of the tax lien certificate in the registry of deeds, the said tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired.

of $42.85. This is the tax lien at issue in this case.[5]

[¶ 4] On October 14, 1999, Associates Home Equity Services, Inc., formerly Ford Consumer Finance Company, Inc., filed a complaint in the District Court for foreclosure on the Gile property. On October 22, 1999, a clerk's certificate was recorded in the York County Registry of Deeds, stating that Associates had filed a complaint against Gile to commence foreclosure proceedings on the property. On March 7, 2000, Associates assigned its interest in the mortgage on the Gile property to Ocwen.[6] Citizens Bank New Hampshire and Household Finance Corporation II also held mortgage interests of record on the property (dated February 20, 1997, and May 23, 1998, respectively).

[¶ 5] None of the mortgagees attempted to redeem the Gile property by paying the outstanding taxes within eighteen months of the date of the filing of the tax lien certificate, as provided by 36 M.R.S.A. § 943. In December 1999, the Town served by certified mail, return receipt requested, notices of the impending February 8, 2000, automatic foreclosure of the lien pursuant to section 943.[7] The notices were mailed to mortgagees of record of that date: Gile, Citizens, Household, In-dustry Mortgage, and Associate's predecessor, Ford. In early March 2000, the Town learned that Associates was a party holding a mortgage interest in the Gile property, and that Ocwen was the successor in interest. On March 8, 2000, the Town notified Ocwen and Associates of the impending automatic foreclosure of the lien securing payment of the 1997 taxes. The Town indicated in its letter that the last day the Town could accept payment was thirty days after the date of the notice, or by April 7, 2000.

[¶ 6] On March 29, 2000, Ocwen requested the payout amount for the lien. The Town responded the same day. On April 8, 2000, Ocwen mailed payment for past due taxes, fees and interest to the Town. The payment was received on April 10, and refused as untimely. On April 12, 2000, the Town returned the check to Ocwen, stating the tax lien had foreclosed on April 7, leaving the Town as the owner of the Gile property.[8]

[¶ 7] On March 22, 2000, Ocwen, as successor in interest, filed a motion for default and summary judgment. Ocwen claimed that the Town failed to file the lien certificate within the ten-day period following expiration of the thirty-day notice period

---

5. The second tax lien, for the tax year 1998, was subsequently recorded by the Town on July 15, 1999, in the amount of $1285.58, with interest of $85.35 and costs of $43.90.

6. On November 15, 2000, the trial court entered an order substituting Ocwen in place of Associates as plaintiff.

7. Section 943 states in relevant part:

   The municipal treasurer shall notify the party named on the tax lien mortgage and each record holder of a mortgage on the real estate not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in a writing signed by the treasurer or bearing the treasurer's facsimile signature and left at the holder's last and usual place of abode or sent by certified mail, return receipt requested, to the holder's last known address of the impending automatic foreclosure and indicating the exact date of foreclosure.

8. If Associates and/or Ocwen had not properly recorded their succession in interest to Ford or otherwise notified the Town of their interest in the property, automatic foreclosure pursuant to 36 M.R.S.A. § 943 may have occurred on February 8, 2000. The Town's extending the time of repayment to April 7, 2000, may have waived the earlier foreclosure deadline, assuming the waiver could occur after the foreclosure deadline had passed. This opinion does not address the issue of post-deadline waiver of an automatic foreclosure deadline.

pursuant to 36 M.R.S.A. § 942. Gile filed an objection and a motion for summary judgment to dismiss the claim as moot, claiming that because the thirtieth day of the notice period was Sunday, July 26, 1998, the period was extended under 36 M.R.S.A. § 153(2) until the next day, Monday, July 27, and that the ten-day lien filing period therefore ended on August 6, 1998, not August 5. Gile claimed that the Town's certificate was properly recorded, and the tax lien securing payment of the 1997 taxes had foreclosed, divesting Ocwen or any other mortgagee of any interests in the Gile property.

[¶ 8] Although aware of the pending action, the Town did not seek to join the action, and no party sought to add the Town as a party.

[¶ 9] On June 14, 2000, the District Court held a hearing on the cross motions for summary judgment.[9] Shortly after the hearing, counsel for the Town submitted a letter to the court, objecting to the court's consideration of the Town's interests under the tax lien without the Town's having been made a party. However, the Town made no effort to invoke M.R. Civ. P. 18, 19, or 24 to join the action.

[¶ 10] On November 15, 2000, the court denied Ocwen's motion for summary judgment, and granted Gile's motion for summary judgment. The court determined that 36 M.R.S.A. § 153(2) applied to extend the thirty-day notice and demand period under 36 M.R.S.A. § 942, stating that:

> Under 36 M.R.S.A. § 942, the payment of the taxes within 30 days to avoid a tax lien mortgage is the performance of an act required by Title 36. Thus, under section 153(2) the 30-day period for paying the taxes was automatically extend-

ed to Monday, July 27, 1998. The taxpayer had until July 27, 1998 to pay the taxes and avoid the Town's filing of the lien in the York County Registry of Deeds. The taxpayer did not make the required payment of taxes and the Town filed its tax lien on August 6, 1998, within the 10-day period for the Town to file the tax lien under 36 M.R.S.A. § 942.

The court found that because notice was proper to record holders, and the taxes, interest and charges secured by the tax lien mortgage were not timely paid, the tax lien mortgage had been foreclosed. The court entered summary judgment for Gile. Ocwen then brought the present appeal directly to this Court as authorized by statute for an appeal of a foreclosure action. 14 M.R.S.A. § 1901(2)(A) (Supp. 2000).

## II. DISCUSSION

[¶ 11] We are hesitant to act upon requests to decide issues when the interests of the parties to the appeal are not apparent and an important party is not before the Court. Prudent review suggests that there is more to this appeal than meets the eye—or at least the eye as informed by the available record. Gile does not contest Ocwen's claims in its foreclosure action. Thus, it appears that, as between Ocwen and Gile, Ocwen should be entitled to a judgment of foreclosure on whatever interest, if any, that Gile may possess in the property, together with a determination of the sums due and owing to Ocwen so that the collection process on the indisputably defaulted note may proceed.

---

9. Prior to the hearing, on May 11, 2000, the Town Board of Selectmen held a hearing regarding the matter in executive session. Ocwen again offered payment in full for taxes, interest and fees on the Gile property, which the Board refused. On June 8, 2000, at a second meeting, payment was again tendered and refused.

[¶ 12] Gile has retained counsel and actively participated in the litigation, contending that as a result of her default in payment of taxes, she has divested herself and Ocwen of any right, title, and interest in the subject property. The Town, although aware of the action and asserting ownership of the subject property, has not joined in the action, or been joined by any other party. By these steps, the action appears to have been transformed from a foreclosure action between Ocwen and Gile to a quiet title action between Ocwen and the Town, with Gile actively participating while asserting lack of right, title, and interest. In the present posture of the action, it may not be possible to accord complete legal and equitable relief among the Town, Gile, and Ocwen. Among other matters, the nature of Gile's remaining interest in the property, and thus the sums that may be due and owing to Ocwen cannot be finally determined until the status of the Town's interest in the property is resolved.

[¶ 13] By letter to the District Court, but not by brief to this Court, the Town questioned the District Court's authority to decide the validity of the tax foreclosure without the Town as a party. The Town's participation in this appeal by filing a brief is insufficient to confer party status before us, when the Town was not properly joined as a party in the District Court. *See* M.R.App. P. 9(e); M.R. Civ. P. 75A(f) (detailing procedure, not followed in this case, for nonparty participants to file *amicus curiae* briefs on appeal). *See also Cushing v. Cohen,* 420 A.2d 919, 927 n. 7 (Me.1980) ("[a]ddition of the parties by ex parte amendment of the pleadings ... is disfavored and a court order under the more specific provision of Rule 21 is preferred").

[¶ 14] M.R. Civ. P. 19(a)[10] requires joinder of all available persons who have an interest in the litigation so that any judgment will "effectively and completely adjudicate the dispute." *Centamore v. Comm'r, Dept. of Human Servs.,* 634 A.2d 950, 951 (Me.1993); *Peoples Heritage Bank v. Grover,* 609 A.2d 715, 716 (Me. 1992). This requirement protects unjoined but interested parties by assuring that their interests will not be prejudiced without their participation and it protects active parties by assuring that issues will not have to be relitigated. *Centamore,* 634 A.2d at 951.

[¶ 15] Town participation in this case is particularly important where the Town not only had a recorded tax lien, but additionally is asserting an ownership interest which matured after the filing and recording of the complaint in the foreclosure action by the first priority mortgagee. As such, the Town is a party in interest pursuant to 14 M.R.S.A. § 6321 (Supp. 2000).[11] The Town's asserted later matur-

10. Rule 19(a) states as follows:

(a) Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

11. Section 6321 states in part:

ing interest risks ambiguity under that portion of section 6321 addressing interests unrecorded at time of filing, unless the Town becomes a party. Thus, section 6321 (Supp.2000) cautions:

> Any other party having a claim to the real estate whose claim is not recorded in the registry of deeds as of the time of recording of the copy of the complaint or the clerk's certificate need not be joined in the foreclosure action, and any such party has no claim against the real estate after completion of the foreclosure sale; provided that any such party may move to intervene in the action for the purpose of being added as a party in interest at any time prior to the entry of judgment.

[¶ 16] Neither the trial court nor this Court is precluded from raising the issue of joinder *sua sponte. See Centamore,* 634 A.2d at 952. Because we may take notice of the absence of a necessary party on our own accord, we need not address whether parties raised the joinder issue themselves. *See Efstathiou v. Payeur,* 456 A.2d 891, 892 n. 2 (Me.1983).

[¶ 17] The Town stated in its letter to the trial court that, in accordance with 14 M.R.S.A. § 6321 (Supp.2000),[12] it was not named either as a defendant or party in interest because it had a superior priority to the foreclosing mortgagee in the matter. The Town is correct that

parties with competing or superior mortgage interests are not required to be joined in foreclosure actions initiated by parties with lesser priority interests. *See, e.g., Casco N. Bank v. Estate of Grosse,* 657 A.2d 778, 781 (Me.1995) (in which we determined that parties in interest pursuant to section 6321 were not bound by a defendant's failure to answer a complaint in a foreclosure action, and were "entitled to independently litigate the validity of the [plaintiff's] mortgage ... to determine its relative priority"). However, the language relied on by the Town only applies to actions by a mortgagee "other than one of the first priority." When the action was commenced, Ocwen held the "mortgage of first priority" and retains that status if Ocwen's view of the law is correct. Further, this is not a case involving priority of existing mortgages and liens; the issue here is whether the automatic statutory foreclosure of the property tax lien properly took place to bar Ocwen's claim and quiet title in the Town.

[¶ 18] The automatic foreclosure of a tax lien under section 943, upon the failure to redeem, divests an owner of her equity of redemption. *See City of Auburn v. Mandarelli,* 320 A.2d 22, 30 (Me.1974). We have stated that:

> after the filing of the tax lien certificate and notice properly given thereon and

---

12. Section 6321 states in relevant part:
   After breach of condition of any mortgage other than one of the first priority, the mortgagee or any person claiming under him may proceed for the purpose of foreclosure by a civil action against all parties in interest, except for parties in interest hav-

ing a superior priority to the foreclosing mortgagee, in either the Superior Court or the District Court in the division wherein the mortgaged premises or any part thereof is located. Parties in interest having a superior priority shall not be joined nor will their interests be affected by the proceedings, but the resulting sale under section 6323 shall be of the defendant or mortgagor's equity of redemption only .... Failure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined.

the passage of eighteen months' time, during which the taxes remain unpaid, complete record title to the property is placed in the municipality. The former owner's right of redemption and in fact his title are extinguished.

*Morissette v. Connors,* 350 A.2d 332, 333 (Me.1976).[13] In addition, "[u]nder Maine law, a mortgage on real property is a conditional conveyance with legal title vested in the mortgagee." *Duprey v. Eagle Lake Water and Sewer Dist.,* 615 A.2d 600, 602 (Me.1992). "The mortgagor retains only the right to possess the premises and the equity right of redemption." *Id.* (citing *Martel v. Bearce,* 311 A.2d 540, 543 (Me.1973)). Because tax lien foreclosures vest full and unencumbered title in the municipality upon the failure to redeem, pursuant to section 943, the mortgagees' interests appear to be divested as well.[14]

[¶ 19] Gile's and/or Ocwen's interest, therefore, would have been lost upon the automatic statutory foreclosure by the Town, if the procedure was performed in accordance with the statutory requirements. As a result, the Town's establishing title to the Gile property would be dispositive of Ocwen's interest. Because Gile is defending on the ground that the Town foreclosed on the property, to the exclusion of Ocwen, the relief the court awards could not "effectively and completely adjudicate the dispute" if it did not bind the Town.

[¶ 20] Towns are subject to actions regarding the adequacy of procedures followed in tax lien foreclosures, *see, e.g., Hamm v. Town of Medway,* 644 A.2d 1388, 1389 (Me.1994), and the Town can be served with process. The Town has a clear interest in litigating the validity of its title, which would not be completely adjudicated in its absence. *See, e.g., Efstathiou,* 456 A.2d at 893.

[¶ 21] If joinder of a directly interested party is *possible,* then joinder is mandatory. *See Larrabee v. Town of Knox,* 2000 ME 15, ¶ 10, 744 A.2d 544, 547; *Centamore,* 634 A.2d at 951; *Sargent v. Coolidge,* 433 A.2d 738, 743 (Me.1981). Consequently, the Town should have joined, or been joined, as a necessary party to the action by the District Court.

The entry is:

Judgment vacated. Remanded to the District Court to join the Town of Eliot as a necessary party and reconsider all issues with all parties being given full opportunity to participate.

13. *See also Magno v. Town of Freeport,* 486 A.2d 137 (Me.1985) (stating "in the absence of contrary provisions by statute or constitution, a municipality's title to property acquired under the tax-lien-mortgage-foreclosure statute ... is absolute" and the municipality has "no duty to reconvey the property to the former taxpayer-owner on any theory of equity and good conscience" if payment is then tendered).

14. *See, e.g., Cent. Fed. Savs. F.S.B. v. Laurels Sullivan County Estates Corp.,* 145 A.D.2d 1, 537 N.Y.S.2d 642, 644 (stating that "[a] tax sale cuts off all prior private titles, liens and encumbrances ... and upon failure of the mortgagee to redeem the property ... the tax sale purchaser's title becomes absolute and the mortgage unenforceable" and finding that the mortgage was "accordingly extinguished when the property was conveyed to the County").