■ MARY JUNE BAYUK, Appellant, v MARVIN GILBERT, M.D., Respondent. [868 NYS2d 645]—

The summons and complaint were filed approximately 16 months after the 2½-year statute of limitations expired. For estoppel to preclude the assertion of a statute of limitations defense, plaintiff must establish by clear and convincing evidence (see Central Fed. Sav. v Laurels Sullivan County Estates Corp., 145 AD2d 1, 6 [1989], lv denied 76 NY2d 704 [1990]) that she failed to commence her action in a timely fashion "due to a

fraud, deception or misrepresentation perpetrated by defendant" (*Phillips v Dweck*, 300 AD2d 969, 969 [2002]; *see Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]).

Plaintiff failed to plead either fraud or fraudulent concealment (*see Florio v Cook*, 48 NY2d 792 [1979]), instead alleging only medical malpractice based on defendant's failure to appreciate information contained in a radiology report. Moreover, as evidence that defendant intentionally withheld information concerning an X ray revealing her cancer and misrepresented this fact to her, plaintiff offered nothing more than speculation that defendant must have reviewed her chart in a July 2003 conversation with another doctor concerning surgical revision of her hip replacement (*see Simcuski*, 44 NY2d at 453).

Since the complaint fails to allege either fraud or damages separate and apart from those arising from the alleged malpractice, there is no basis for invoking the doctrine of equitable estoppel to toll the statute of limitations (*see Rizk v Cohen*, 73 NY2d 98 [1989]; *Chesrow v Galiani*, 234 AD2d 9, 10-11 [1996]). Without such evidence, the proposed amendment of the complaint to add a claim of fraudulent misrepresentation based on alleged record tampering to conceal the malpractice is not only vague and conclusory, but has no merit (*see Cellupica v Bruce*, 48 AD3d 1020 [2008]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.