STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           DOCKET NO. CV-13-133
                                        KMC -PEN- 12/12/2013

MICHAEL E. O'BRIEN
    Plaintiff

v.

TOWN OF LAKEVILLE

and

DONALD J. DAIGLE, JR.
    Defendants

## DECISION
## MOTION TO DISMISS

Before the Court are the Motions to Dismiss filed by the Town of Lakeville and subsequently by Defendant Daigle pursuant to M.R. Civ. P. 12(b)(6).

With regard to evaluating a motion to dismiss, the Law Court has directed that "we examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217. When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), "the material allegations of the complaint must be taken as admitted." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83. "

In this action Plaintiff seeks a Declaratory Judgment pursuant to 14 M.R.S. §5951-5963 concerning ownership of real property in the Town of Lakeville. It is alleged that the property was subject to tax liens by the Town which were unpaid and matured. It is further alleged that the Town transferred the property to Defendant Daigle.

Accepting the allegations in the pleading as true there is a question of the ownership of the property between Plaintiff O'Brien and Defendant Daigle with the Town of Lakeville as an alleged interim owner that transferred its interest to Mr. Daigle. The suit appropriately seeks a declaration as to who is the owner of

1

this property in the context of involvement of the Town of Lakeville.

## Town of Lakeville
## As a Party

Accepting the allegation as admitted for the purpose of the Motion to Dismiss filed by Defendant Lakeville, clearly the Town of Lakeville is an indispensable party to resolution of the issue of ownership of the property in question. M.R. Civ. P. 19(a); *Ocwen Federal Bank FSB v. Gile,* 2001 ME 120,¶ 14, 777 A.2d 275. The Motion to Dismiss on this ground is DENIED.

## Failure to State a Claim

Accepting the facts as pled and looking at the complaint, the issue raised by the pleadings is the adequacy of Notice of the tax lien foreclosure as required by 36 M.R.S § 943.

Viewing the complaint most favorably to the Plaintiff, the complaint alleges that he did not have 'actual notice' of the intention of the Town to take action against his real property until after the foreclosure period had run. The Town filed tax liens on Plaintiff's real property in 2009 and 2010, (Compl. ¶ 5.), and they matured to the point that the Town of Lakeville was obligated by statute to provide notice of the foreclosing tax lien.

The allegations in the complaint, (Compl. ¶ 7.), reflect that the Town attempted to notify Plaintiff (implicitly of the maturing tax liens) by U.S. Postal Service but the notices were returned as "undeliverable". The allegation, (Compl. ¶ 8.), is that failure to give notice by mail was due to a mistake by the U.S. Postal Service. Plaintiff alleges that he only had 'actual notice' of the tax lien foreclosure proceedings after the tax liens had matured and he was served in hand by the Sheriff directing him to remove his personal property. (Compl. ¶ 6,7.)

Defendants cite *Livonia v. Town of Rome, supra,* as requiring that the motion to dismiss be granted. In *Livonia,* a property owner was mailed a § 942 notice by certified mail that was signed for by a live-in companion of the plaintiff, who she claimed was not her authorized agent and suffered from a psychological disorder. *Id.* ¶ 2.

2

There, the Law Court measured the time from which notice must be reasonably calculated as the time of sending, without regard to whether the notice was in fact returned undelivered by postal authorities. *Id.* ¶ 7. In so holding, the Law Court stated:

> According to its plain and ordinary meaning, the act of "sending" is completed the moment notice is deposited in the mail or given to a mail carrier to be delivered. Moreover, contrary to her assertions, the addition of the requirement that municipalities request a return receipt does not indicate a legislative intent to require municipalities to determine whether the named addressee actually received the notice.

*Id.* ¶7. Thus, it is true that under *Livonia*, the fact that the notice was returned undelivered by postal authorities would be irrelevant so long as the government agency had no reason to know that the notice would not be received at the time of sending. However, the rationale supporting the Livonia decision has since been functionally abrogated by the U.S. Supreme Court in *Jones v. Flowers*, 547 U.S. 220 (2006), where the Court addressed an analogous Arkansas tax lien statute in the context of a "returned by postal authorities" case. Noting that it had long been the general case that merely sending notice was sufficient to satisfy due process, the Court stated that it had "never addressed whether due process entails further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed. That is a wrinkle, and we have explained that the 'notice required will vary with circumstances and conditions.'" *Id.* at 227 (internal citations omitted).

In *Jones*, the State attempted to notify the taxpayer by certified mail of a tax delinquency and its intent to sell the property by public sale two years following the notice unless it was redeemed. *Id.* at 223-224. In fact, that mailing was returned undelivered by postal authorities. *Id.* Two years later, a notice of public sale was posted in the local newspaper. A second certified letter was sent when a buyer was procured for the property, but that notice too was returned undelivered by postal authorities. The property was sold, and the taxpayer filed suit alleging that the taking violating due process. The Supreme Court held that the notice was ineffective under due process standards because the State knew that it had

3

not been received and therefore should have taken additional steps toward effectuating notice. *Id.* at 229-234.

In light of the holding in *Jones*, the result in *Livonia* would remain good law because in fact, the notice in that case was not returned undelivered by postal authorities, but was instead delivered to the live-in companion and there was no indication that the Town knew that the notice had not been properly received. However, the rationale of *Livonia* cannot withstand *Jones*, which very clearly extended the due process analysis of whether notice was reasonable calculated to be received from the moment of sending by mandating that consideration be given to instances when the notice is in fact returned unsent and the sender has actual knowledge that it was therefore not delivered.

Here, taking the Plaintiff's allegations as true on the motion to dismiss, notice was returned undelivered by postal authorities and there was no other actual notice provided to the Plaintiff. Thus, the present case is virtually identical to the situation that existed in *Jones* and the Court must deny the motion to dismiss pursuant to Rule 12(b)(6).

The entry will be:

1. Defendants Motion to Dismiss for Failure to State a Claim is DENIED.
2. At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R. Civ. P. 79(a)

December 12, 2013

_____
Kevin M. Cuddy
Justice, Superior Court

4

MICHAEL E OBRIEN VS TOWN OF LAKEVILLE ET AL
UTN:AOCSsr  -2013-0075148                    CASE #:BANSC-CV-2013-00133
------------------------------------------------------------------------

| SEQ | TITLE | NAME | | DOB | ACTV |
|-----|-------|------|------|-----|------|
| 001 | PL  | MICHAEL E OBRIEN  | Charles Hodsdon Esq | /   / | T |
| 002 | DEF | TOWN OF LAKEVILLE | Edmond Bearor Esq   |       | T |
| 003 | DEF | DONALD J DAIGLE   | Steven Mogul Esq    | /   / | T |