STATE OF MAINE
ANDROSCOGGIN, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AUBSC-CV-15-168

NATHANIEL M. HATHORNE, )
)
Plaintiff, )
)
v. )
)
JOSHUA TICE, )
) ORDER ON DEFENDANT TOLMAN
Defendant, ) ASSOCIATES, INC.'S MOTION FOR
) JOINDER
and )
)
TOLMAN ASSOCIATES, INC., )
)
Defendant/Third-Party Plaintiff, )
)
v. )
)
ATHENE ANNUITY AND LIFE )
COMPANY and )
GREAT AMERICAN LIFE )
INSURANCE COMPANY, )
)
Third-Party Defendants. )

RECEIVED & FILED

JUN 1 6 2016

ANDROSCOGGIN
SUPERIOR COURT

Presently before the court is Defendant Tolman Associates, Inc.'s ("Tolman") motion for joinder of Athene Annuity and Life Company ("Athene") and Great American Life Insurance Company ("Great American"). Based on the following, Tolman's motion is denied.

## I. BACKGROUND

Plaintiff Nathaniel Hathorne has brought a complaint against Defendants Joshua Tice and Tolman Associates, Inc. for negligent misrepresentation, breach of fiduciary duty, and violation of the Maine Unfair Trade Practices Act ("MUTPA"), 5 M.R.S. § 205-A *et seq.* (Compl. ¶¶ 14-40.) Plaintiff alleges, in 2012, Tice sold Plaintiff two annuities, one from Aviva Life and Annuity Company and another from Great American

Financial Resources. (*Id.* ¶¶ 7, 9.) Plaintiff alleges that Tice negligently misrepresented what each annuity would earn and payout to Plaintiff each year. (*Id.* ¶¶ 8, 10-11, 16.) Plaintiff alleges that Tolman is liable for negligent misrepresentation, breach of fiduciary duty, and violation of the MUTPA because, at all relevant times, Tice was an employee, agent, and/or representative of Tolman. (*Id.* ¶¶ 4, 21, 34, 36.) Tolman denies that Tice was its employee, agent, or representative. (Ans. ¶ 4.)

On April 15, 2016, Tolman filed this motion for joinder of Athene and Great American. (Def. Mot. Joinder 1.) Tolman's motion stated that it intended to bring a third-party action for indemnification and contribution and declaratory judgment against Athene and Great American. (*Id.* at 3.) Tolman asserts that, at all relevant times, Tice was an independent contractor of Tolman with an independent license to sell insurance and annuities. (*Id.* at 1.) Tolman asserts that Tice was actually an employee of both Athene and Great American. (*Id.* at 2.) Tolman argues that it is not vicariously liable for Tice's actions because Tice was acting in his capacity as an agent of Athene and Great American when he sold the annuities to Plaintiff. (*Id.* at 3.)

Tolman's motion also asserts that Athene and Great American are necessary parties that must be joined as co-defendants in this action pursuant to Maine Rule of Civil Procedure 19(a). (*Id.* at 2-3.) Tolman argues that, in order to adequately defend itself, joinder of all parties to whom vicarious liability would pass is necessary. (*Id.* at 3.) Tolman also argues, even if Athene and Great American are not necessary parties, their joinder is still permissive pursuant to Maine Rule of Civil Procedure 20(a). (*Id.*)

Before any action was taken on the motion, Tolman filed its third-party complaint for declaratory judgment and indemnification and contribution against Athene and Great American on April 20, 2016. Both Athene and Great American were served with the complaint on April 26, 2016.

Plaintiff filed an opposition to Tolman's motion on April 22, 2016. Plaintiff asserts that he does not object to Tolman's third-party complaint against Athene and Great American. (Pl. Opp'n to Def. Mot. for Joinder 2.) However, Plaintiff asserts that Tolman has accomplished its goal of joining Athene and Great American in this action and its motion is now moot because Athene and Great American have been sufficiently joined in this action as third-party defendants. (*Id.*) Plaintiff asserts that granting Tolman's motion would result in Athene and Great American being made both defendants and third-party defendants. (*Id.*) Plaintiff argues that this result would be substantively confusing and unnecessary for Tolman to purse its claims against Athene and Great American.

Oral argument on Tolman's motion was held on June 1, 2016. Plaintiff reiterated it had no objection to Tolman's third-party complaint against Athene and Great American, but also asserted that the granting the motion for joinder was unnecessary. Counsel for Athene and Great American appeared at the oral argument and represented that they had no objection to being joined in the action as third-party defendants. Counsel for Athene and Great American agreed with Plaintiff that joinder as co-defendants was unnecessary. Tolman reiterated its argument that joinder of all parties as defendants is necessary in order to fully adjudicate the issue of vicarious liability.

## II.    DISCUSSION

### A.    Rule 19(a)

When interpreting the Maine Rules of Civil Procedure, the court looks to the plain language of the rule to determine its meaning. *Gauthier v. Gerrish*, 2015 ME 60, ¶ 9, 116 A.3d 461. Maine Rule of Civil Procedure 19(a) provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

M.R. Civ. P. 19(a).

Rule 19(a) does not define necessary parties "according to abstract labels that may be applied to their interest." 2 Harvey, *Maine Civil Practice* § 19:1 at 558 (3d ed. 2011). Rather, Rule 19 defines necessary parties by describing the practical effect of their non-joinder. *Id.* Rule 19(a) simply requires the joinder of all persons who have an interest in an action, "so that any judgment will effectively and completely adjudicate the dispute." *Ocwen Fed. Bank v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275 (internal citation and quotation marks omitted). Rule 19(a) ensures that unjoined parties' interests will not be prejudiced without their participation and active parties will not have to relitigate the issues. *Id.* Thus, nothing in the plain language of Rule 19(a) requires that necessary parties be joined only as plaintiffs or defendants. Rule 19(a) merely requires that persons who must be joined in order to ensure just adjudication be made parties to the action in some way.

Additionally, Rule 19(a) is not the exclusive method by which parties may be brought into a pending action. 2 Harvey, *Maine Civil Practice* § 19:1 at 564. Pursuant to Maine Rule Civil Procedure 14, any time after commencement of the action, a defendant, acting as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party

plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. M.R. Civ. P. 14(a).

The court need not decide whether Athene and Great American are necessary parties to this action because, even if they are necessary parties, Defendant has accomplished the goals of Rule 19(a) through its joinder of Athene and Great American as third-party defendants pursuant to Rule 14(a). Any judgment in this case will now effectively and completely adjudicate the issue of vicarious liability between the parties. No unjoined parties' interests will be prejudiced; no active parties will have to relitigate the issue of vicarious liability in later proceeding. Nothing in the plain language of Rule 19(a) expressly required that Athene and Great American, as necessary parties, be joined as co-defendants. Therefore, Tolman's motion for joinder pursuant to Rule 19(a) is moot.

B.  Rule 20(a)

Maine Rule of Civil Procedure 20 provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief within the subject-matter jurisdiction of the court in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

M.R. Civ. P. 20(a).

In contrast to Rule 19, which states when joinder is required, "Rule 20(a) states the circumstances in which *joinder will be permitted at the parties' election*." 2 Harvey, *Maine Civil Practice* §§ 20:1-20:2 at 573-75 (emphasis supplied). Thus, as its title states, joinder under Rule 20(a) is *permissive*, not mandatory. The court cannot order joinder pursuant to Rule 20(a). Therefore, Tolman is not entitled an order of joinder pursuant Rule 20(a).

## IV.    CONCLUSION

Based on the foregoing, Defendant Tolman Associates, Inc.'s motion for joinder is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 6/15/16

MaryGay Kennedy
Justice, Superior Court