Arthur NEMON

v.

SUMMIT FLOORS, INC., et al.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1987.
Decided Feb. 20, 1987.

T.A. Fitanides (orally), Biddeford, for plaintiff.

Black & Hopkinson, William R. Black (orally), Logan, Kurr & Hamilton, Michael S. Haenn, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Plaintiff Arthur Nemon appeals from the summary judgment entered by the Superior Court (Kennebec County) in favor of defendants Finance Authority of Maine (FAME), Summit Floors, Inc., and the Town of Scarborough. We vacate that judgment and remand the case to the Superior Court for direct review under M.R. Civ.P. 80C of FAME's issuance of a certificate of approval for a bond issue inuring to the benefit of Summit Floors, Nemon's competitor.

On December 18, 1985, the Town of Scarborough and Donald Smith, the sole owner and principal officer of Summit Floors, Inc., filed an application with FAME under the Municipal Securities Approval Program (MSAP), 10 M.R.S.A. §§ 1061–1074 (Supp. 1986), for authorization for the Town to issue $560,000 in industrial revenue bonds. MSAP is an economic development program. Because interest payable on bonds issued under MSAP is lower than the prevailing commercial rate for private borrowers, the program provides the businesses benefited by the MSAP bond issues with a competitive advantage. Smith planned to construct a warehouse with the bond proceeds and to lease it to Summit Floors for the expansion of its commercial flooring business in Scarborough.

FAME on February 18, 1986, held the public hearing on the proposed bond issue. Nemon, who operates a retail flooring business in the Scarborough area, appeared at that hearing and asserted that over 25% of Summit Floors' business was retail in nature, rendering Summit Floors ineligible to participate in MSAP under the statute establishing the program. 10 M.R.S.A. § 1061–A(1).[1] Nemon's argument was unavailing, and FAME made a finding that the proposed project would "not result in a substantial detriment to existing business...." 10 M.R.S.A. § 1063(2)(B). FAME issued a certificate of approval for the bond issue on April 15, 1986, and an amended certificate of approval on April 29, 1986. The certificates designated Scarborough as the issuing municipality and Summit Floors as the "project user."

Pursuant to 10 M.R.S.A. § 1064(1)(C), Nemon filed a complaint in the Superior Court on July 2, 1986, naming as defendants FAME, Summit Floors, and the Town of Scarborough. The complaint asked the

---

1. 10 M.R.S.A. § 1061–A(1) (Supp.1986) provides in pertinent part: "A municipality may not use proceeds of its revenue obligation securities to provide financial assistance for a project the principal element of which, as determined by the authority, is one or more stores primarily used in making retail sales of consumer goods for household use to customers who personally visit the stores to obtain the goods...." FAME has specifically defined a retail store as follows: "A project is a retail store if 25% or more of the proceeds of the securities is intended to be used for the retail sale of goods or merchandise directly to individual consumers who visit the premises and make purchases of such goods or merchandise." Rule of Finance Auth. of Maine, ch. 201, Municipal Sec. Approval Program, § 1(B) (1984).

court to "enjoin" the approval issued by FAME on the ground that it was "arbitrary, capricious and unreasonable, discriminatory and unlawful." On August 4, 1986, Summit Floors and the Town of Scarborough jointly filed a motion for summary judgment, contending that Nemon's complaint was untimely under 5 M.R.S.A. § 11002(3) (1979). Their accompanying memorandum noted without argument and without citation to any authority that Smith had not been made a party to the action. Nemon's response was to send letters to the court, one dated August 6, 1986, and a second dated August 18, 1986, pointing out that he had taken his appeal under 10 M.R.S.A. § 1064, according to the terms of which his complaint was timely.

The Superior Court on September 4, 1986, held a hearing on the motion for summary judgment. Neither Nemon nor any attorney for Nemon attended that hearing. Summit Floors and the Town of Scarborough repeated their argument that Nemon had failed to file his complaint in timely fashion and elaborated upon their memorandum noting the nonjoinder of Smith, labeling him an "indispensable party." They also contended for the first time that Nemon's complaint failed to state a cause of action against the Town of Scarborough. At the conclusion of that hearing, the court granted summary judgment for defendants, declaring that Nemon was not entitled to relief.

Although it is impossible from the record to determine with any certainty the basis of the Superior Court's decision,[2] defendants contend on appeal that that decision is defensible for three reasons: (1) Nemon filed his complaint beyond the allowable time; (2) Nemon's failure to join Smith as a defendant was fatal; and (3) Nemon failed to state a claim for relief against the Town of Scarborough.[3] We find no merit in any of those contentions. Initially, however, we must address an argument, made by defendants for the first time on appeal, that Nemon lacks standing to challenge FAME's approval of the MSAP financing for Summit Floors.

### 1. *Nemon's standing to contest the certificate of approval*

 We will entertain a question of standing at any time. *See Smith v. Allstate Insurance Co.*, 483 A.2d 344, 346 (Me.1984). Nonetheless, that question need not long detain us here. Nemon was a party to the proceedings before FAME, "a necessary element of standing" to obtain direct judicial review of agency action. *Anderson v. Commissioner of Department of Human Services*, 489 A.2d 1094, 1097 n. 6 (Me.1985). Nemon is a competitor of Summit Floors, and Nemon's complaint can, in view of Nemon's contentions at the public hearing on the bond issue, be read to allege: 1) that FAME had violated 10 M.R.S.A. § 1061–A by approving a project for a business that was over 25% retail in nature; and 2) that the approved

**2.** In his written order directing entry of judgment "that the Plaintiff is not entitled to relief," the Superior Court justice stated that he did so "for the reasons stated on the record." The transcript of the motion hearing, however, reveals no articulated rationale, but only the following cryptic statement by the justice: "I think procedurally this case has some problems. Substantively I think it has some problems, too." From the record we cannot discern the ground or grounds on which the justice based his decision. Such a "shortcut" hampers appellate review and in the end adds to, rather than reduces, the delays and costs of litigation.

**3.** Summary judgment is not an appropriate procedural route for deciding the merits of judicial review of administrative action under M.R. Civ.P. 80C. Except where additional evidence is ordered under Rule 80C(e), the Superior Court's

function on such review is not that of a factfinder, but rather that of an appellate tribunal reviewing for legal error the record made before the administrative agency. *See* M.R.Civ.P. 80C(d); 5 M.R.S.A. § 11006 (1979 & Supp.1986). An 80C case proceeds to final decision in the Superior Court on an automatic schedule of briefing and oral argument set out in the rule. *See* M.R.Civ.P. 80C(g), (*l*). That schedule was not followed in this case; and, therefore, even though the administrative record had been filed before the Superior Court entered judgment, the court did not rule on the merits of Nemon's attack on FAME's certificate of approval. Defendants' three contentions would have been more appropriately the subject of motions to dismiss under M.R.Civ.P. 12(b)(1), (7), and (6), respectively.

project would have a substantially detrimental impact on Nemon's already existing business in violation of 10 M.R.S.A. § 1063(2)(B). Admittedly conclusory and nonspecific, those allegations "are minimally sufficient to withstand a motion to dismiss the petition based on standing alone." *Hammond Lumber Co. v. Finance Authority of Maine*, 521 A.2d 283, 287 (Me.1987). As a business competitor of Summit Floors, Nemon has standing to challenge the certificate of approval issued by FAME for a bond issue that would provide a competitive advantage to Summit Floors. *Id.*

### 2. *The timeliness of Nemon's complaint*

■ Nemon's complaint was timely under 10 M.R.S.A. § 1064 and Rule 80C. By Rule 80C(b) the time period specified by the Administrative Procedure Act (5 M.R.S.A. § 11002(3)), namely, not more than 40 days after final agency action, will generally be the time for the filing of an 80C complaint. However, Rule 80C(a) makes an exception wherever another statute provides a different time period.[4] The MSAP statute provides exactly such a different time period; section 1064 thereof measures the time for seeking review as follows:

> Any action or proceeding in any court to set aside a ... certificate of approval or to obtain relief upon the grounds that the ... certificate of approval was improperly adopted, was adopted for unauthorized purposes or is otherwise invalid for any reason, must be started within 30 days after the date of the publication [of a notice of the intent of the municipality to issue the securities in the state newspaper and in a newspaper of general circulation in the municipality].

10 M.R.S.A. § 1064(1)(C). Nemon filed his complaint well before the expiration of the time period set forth in the MSAP statute. The Town of Scarborough published a notice of its intent to issue the MSAP bonds in the Portland Press Herald on June 10, 1986. Nemon filed his complaint on July 2, 1986, 22 days after the publication and 8 days before the expiration of the statutory period for filing.

### 3. *The failure to join Smith as a defendant*

■ Summit Floors and the Town of Scarborough contend that Smith was an "indispensable party" to Nemon's action, M.R.Civ.P. 19(b), and that Nemon's failure to name Smith as a defendant by itself justified the summary judgment. That highly formalistic argument is completely without merit. Smith was the sole principal of Summit Floors. Summit Floors, which may fairly be called Smith's corporate alter ego and which is actively participating as a named party defendant, cannot be heard to argue that Nemon's failure to join Smith justified summary judgment. Even assuming that Smith should have been joined, the Superior Court failed to fulfill its duty to "order that he be made a party." M.R.Civ.P. 19(a). A litigant's failure to join a necessary party does not result in a dismissal "if that person can be made a party to the action. If joinder is feasible, the court must order it; the court has no discretion at this point because of the mandatory language of the rule." 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1611, at 161–66 (1986) (discussing Fed.R.Civ.P. 19(a), which is substantially the same as M.R.Civ.P. 19(a)). In the circumstances of this case, Summit Floors and the other defendants gain nothing from the Superior Court's failure to order Smith to be formally named as a party defendant.

### 4. *The claim against the Town of Scarborough*

■ Finally, we reject the contention that Nemon's complaint fails to state a claim against the Town of Scarborough. Nemon's complaint asked for judicial review of FAME's approval of an MSAP bond issue by the Town. The only effect of the relief requested by Nemon would

---

**4.** In pertinent part Rule 80C(a) states:
A review of final agency action ... shall be governed by these Rules of Civil Procedure as modified by this rule, except to the extent inconsistent with the provisions of a statute.

have been to reverse that approval of the Town's proposed bond issue. The complaint's identification of the challenged agency action and of the relief sought sufficed to give the Town fair notice of the claim against it. *See Vahlsing Christina Corp. v. Stanley,* 487 A.2d 264, 267 (Me. 1985). Had the Town truly felt that Nemon's complaint when served upon it left it in any doubt as to what Nemon was seeking against it, the Town could have filed a motion for a more definite statement pursuant to M.R.Civ.P. 12(e). Under the modern concept of simplified pleading, the complaint, while inartfully drafted, satisfied the requirements of M.R.Civ.P. 8(a) to make "a short and plain statement of [Nemon's] claim." Nothing more was required.

The entry is:

Summary judgment for defendants vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.