**PEOPLES HERITAGE BANK**

v.

**Robert A. GROVER et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 11, 1992.

Decided June 3, 1992.

Martin I. Eisenstein and Benjamin W. Lund, Brann & Isaacson, Lewiston, for plaintiff.

Joseph M. Jabar, Daviau, Jabar & Batten, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and COLLINS, JJ.

ROBERTS, Justice.

Defendants Robert A. Grover and Jo–Ellen Grover appeal from a summary judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) in favor of plaintiff Peoples Heritage Bank. On appeal the defendants argue that the court erred in denying their motion to join a necessary party defendant. Finding no error in the court's denial, we affirm.

I.

In late 1988 defendant Robert Grover borrowed $795,000 from the bank to fi-

nance the purchase of Matthews Auto Supply, Inc. The loans were secured by a mortgage and security agreement signed by both defendants and separately guaranteed by both Jo–Ellen Grover and Matthews Auto.

In December 1989 Matthews Auto began to experience financial difficulty and, at the bank's recommendation, borrowed $50,000 from the Androscoggin Valley Council of Government (AVCOG). On March 21, 1990, Matthews Auto deposited the proceeds of the AVCOG loan into its account at the bank. That same day the bank debited the account $22,190 for amounts past due on the two notes. A short time later Matthews Auto ceased operating and the Grovers defaulted on their notes.

In March 1991 the bank filed a complaint seeking foreclosure of the mortgage on the Grovers' property. In their answer the Grovers asserted several counterclaims, alleging that the bank acted in bad faith with regard to Matthews Auto's account and in a commercially unreasonable manner with regard to the sale of its assets, that the bank violated the Maine Uniform Commercial Code, and that it breached its fiduciary duty to Matthews Auto. In September 1991 the Superior Court granted the bank's motion for summary judgment, finding that Robert Grover had breached the terms of the promissory notes and the mortgage agreement, and that Jo–Ellen Grover had breached the terms of the guaranty she had executed. In addition, the court dismissed the Grovers' three counterclaims for failing to state a claim upon which relief could be granted. On October 11, 1991, following the entry of judgment, the Grovers filed a motion for joinder of Matthews Auto as a necessary party defendant, pursuant to M.R.Civ.P. 19(a). The court denied the motion and this appeal followed.

## II.

■ The Grovers assert that Matthews Auto is a necessary party under M.R.Civ.P.

19(a) to the bank's foreclosure action. Rule 19(a) provides that a necessary party is one without whom "complete relief cannot be accorded among those already parties." The joinder standard prescribed by the rule "is designated to protect those who already are parties by requiring the presence of all persons who have an interest in the litigation so that any relief that may be awarded will effectively and completely adjudicate the dispute." *Booker v. Town of Poland,* 599 A.2d 812, 813 (Me. 1991) (quoting *Efstathiou v. Payeur,* 456 A.2d 891, 893 (Me.1983)). If this standard is met, then joinder is mandatory and may proceed either upon the request of a party or on the court's own initiative.[1] *See Nemon v. Summit Floors, Inc.,* 520 A.2d 1310, 1313 (Me.1987).

■ Matthews Auto, however, as a guarantor of the bank loans, has no interest in the Grovers' property. Its only connection to the matter is that it guaranteed Robert Grover's note to the bank. That guaranty contract was between Matthews Auto, Robert Grover, and the bank, and entirely distinct from the real property at issue. Although Matthews Auto may have a sufficient interest to permit its intervention pursuant to M.R.Civ.P. 24, the court could accord complete relief to the named parties because the foreclosure action related to property in which Matthews Auto had no actual interest. *See* M.R.Civ.P. 19(a), 24. Thus the court did not err in refusing to join Matthews Auto as a necessary party. *See Nebco & Assocs. v. United States,* 23 Cl.Ct. 635, 644 (1991); *Liberty Nat'l Bank of Dickinson v. Daly,* 96 N.W.2d 897, 898 (N.D.1959); 59 C.J.S. *Mortgages* § 627(i), at 1112 (1949 & Supp.1991).

The entry is:

Judgment affirmed.

All concurring.

■

---

1. Only when joinder is not possible may the court determine, under M.R.Civ.P. 19(b), whether the action cannot proceed in the absence of a party. *See Caron v. City of Auburn,* 567 A.2d 66, 68 (Me.1989). If the action cannot proceed it is dismissed, the absent party thus being deemed "indispensable." Field, McKusick & Wroth, *Maine Civil Practice* § 19.2, at 369 (1970).