STATE OF MAINE

KENNEBEC, ss.


YORK HOSPITAL,

       Petitioner

       v.

WILLIAM PERFETTO and
MAINE DEPARTMENT OF
HUMAN SERVICES,

       Respondents

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-70,
DHM - KEN - 3/16/2004


**DECISION AND ORDER
ON RESPONDENTS'
MOTION TO DISMISS**

DONALD L. GARBRECHT
LAW LIBRARY

MAY 11 2004

This matter is before the court on respondents' motion to dismiss. Petitioner, York Hospital, is attempting to seek review in the underlying petition of a decision by the Bureau of Medical Services Certificate of Need Unit ('CON Unit") that the relocation of the hospital's oncology service project and the construction of a new office building for treatment, physician's offices and laboratory space are "related projects" subject to review under the Certificate of Need Act (CON Act) 22 M.R.S.A. §§ 301 – 325. Respondents had previously advised petitioner that the relocation of the oncology services did not require a CON. However, petitioner's letter of intent with regard to the construction of the physician office space in South Berwick precipitated the respondents' decision. In a letter dated November 26, 2003, Mr. Perfetto, Director of the CON Unit, informed petitioner that regarding the two projects, "[t]he hospital expenditure for this project as well as the renovation . . . are determined to be related."

This letter had two effects. First, it meant that petitioner must go through the administrative procedure of applying to obtain a CON and, second, due to the moratorium on non-emergency letters of intent embodied in the Certificate of Need Act

Limitation adopted pursuant to 22 M.R.S.A. § 242, it would likely have to wait until May 4, 2004 to apply:

> Except as provided in Section 2, the Department of Human Services (the "Department") shall not accept any letter of intent relating to a proposed expenditure or action requiring a certificate of need under the Maine Certificate of Need Act of 2002 (the "Act") from August 3, 2003 through May 4, 2004.

CMR 10-144-501.

Asserting that respondents' determination in the letter of November 26, 2003, was a "final agency action," petitioner submitted a Petition for Review of Final Agency Action and for Declaratory Relief in six counts on December 29, 2003.[1] Respondents filed an answer and a motion to dismiss. Petitioner timely filed opposition to the motion to dismiss along with twenty-two "Statement[s] of Material Facts in Opposition to Motion to Dismiss," five exhibits and an affidavit of Joseph M. Kozak, Esq. Respondents filed a motion to exclude the materials petitioner filed with their opposition to the motion to dismiss. Due to the issues of jurisdiction in this matter, this court does not need to reach the issue of whether or not to exclude the materials submitted by petitioner and whether they would trigger summary judgment.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the

---

[1] Pursuant to 5 M.R.S.A. § 11002(3) "The petition for review shall be filed within 30 days after receipt of notice if taken by a party to the proceeding of which review is sought." December 29, 2003, was thirty-three days after November 26, 2003. The thirtieth day after November 26, 2003 was Friday December 26, 2003. By order of Governor Baldacci the courts were closed from noon December 24th until Monday December 29, 2003. This qualifies Friday December 26, 2003, as a "legal holiday" pursuant to M.R. Civ. P. 6(a). This petition, filed the following Monday, was timely.

plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

Discussion of this motion to dismiss will require resolution of three jurisdictional issues. First, whether there has been "final agency action" pursuant to the APA and thereby jurisdiction for this court to review the agency action in question. Second, whether a sort of interlocutory right of appeal may exist due to possible "irreparable harm." A final jurisdiction issue – whether petitioner has standing to bring Counts three through six (challenging the constitutionality of statutes and regulations) also presents itself.

Respondents, noting that this court's jurisdiction to review agency decisions is specifically limited to "final agency action" pursuant to 5 M.R.S.A. § 11002(2), maintains that the decision made by the CON Unit of the DHS and transmitted to petitioner via the November 26, 2003 letter was not a final agency action pointing to the definition of such under the APA:

> FINAL AGENCY ACTION. "Final agency action" means a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency.

5 M.R.S.A. § 8002(4).

Respondents cite authority from the Law Court for the proposition that the Superior Court has jurisdiction to hear a petitioner for review only upon final agency

action. *Partnership of Brooks Brown, et al. v. Maine Dep't of Manpower Affairs*, 426 A.2d 880, 883 (Me. 1981) citing 5 M.R.S.A. § 11001. Respondents maintain that the letter of November 26, 2003 was not final agency action as defined by § 11002 or described by the Law Court. See *Partnership of Brooks Brown*, 426 A.2d at 883.

Respondents maintain that the Superior Court may have jurisdiction to review nonfinal agency action, but only when the petitioner for review alleges sufficient irreparable injury if review does not take place. *Northeast Occupational Exch., Inc. Bureau of Rehabilitation*, 473 A.2d 406, 409-10 (Me. 1984). Respondents assert that petitioner has alleged no irreparable injury in this matter. Petitioner replies that since DHS rules "explicitly recognize a determination of applicability but do not provide a mechanism for administrative review of that determination [it] clearly implies that judicial review is a party's appropriate course." Petitioner asserts that a decision to require an applicant to apply for a CON permit is final agency action because there is no avenue for administrative relief within the agency.

Respondents reply that there is further recourse within DHS from the determination that the CON Act applies to the projects at issue. Respondents note that the Commissioner has final decision making authority pursuant to the CON Act and that the decisions of the staff in the CON Unit may be reviewed when the matter comes to the Commissioner for a final decision on the CON permit. Further, petitioner may request reconsideration of the Commissioner's decision pursuant to 22 M.R.S.A. § 340.

Petitioner has not explicitly argued "irreparable harm" in this case, but has asserted that due to the moratorium it will be many months before it can even file an application and there is no guarantee that the moratorium will not be extended and review of final agency action (well in the future) "would not provide any adequate remedy." Citing 5 M.R.S.A. § 11001(1). Respondents assert that petitioner has not

alleged any facts to show sufficient irreparable injury to meet the § 11001 standard. Citing a 1984 Law Court decision regarding review of "de-authorization" of a service provider by the Dept. of Rehabilitation, *Northeast Occupational Exch., Inc. v. Bureau of Rehabilitation*, 473 A.2d 406, (Me. 1984):

> . . . review of nonfinal agency actions should be undertaken only when "the parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the proceedings . . . ." Cities of Anaheim and Riverside v. Federal Energy Regulatory Commission, 224 U.S. App. D.C. 4, 692 F.2d 773, 779 (D.C. Cir. 1982) (quoting Papago Tribal Utility Authority v. FERC, 202 U.S. App. D.C. 235, 628 F.2d 235, 239 (D.C. Cir.), cert. denied, 449 U.S. 1061, 101 S. Ct. 784, 66 L. Ed. 2d 604 (1980)).

*Id.* at 409-10.

Count three of this petition challenges the constitutionality of 22 M.R.S.A. § 329(8). Count four challenges the constitutionality of the CON manual. Count five seeks declaratory relief in the form of a finding that 22 M.R.S.A. § 329(8) constitutes unconstitutional delegation of authority. Finally, count six seeks declaratory relief finding the CON manual unconstitutionally vague.

The Law Court provided a summation of the question of standing and its applicability to cases wherein the constitutionality of a statute is challenged:

> We have established general standing rules for litigants seeking to challenge the validity of a statute. Although we have declined to use a label to describe these rules, we have stated:
>
> While standing is an amorphous concept fraught with a plurality of meanings, its basic purpose and requirements are clear. A party must assert a personal stake in the outcome of the litigation and present a real and substantial controversy touching on the legal relations of parties with adverse legal interests.
>
> *Franklin Property Trust v. Foresite*, Inc., 438 A.2d 218, 220 (Me. 1981) (internal citations omitted). To have standing to challenge a statute's validity, "a party must actually be deprived of a constitutional right by the operation of the statute." *State v. York*, 1997 ME 209, 704 A.2d 324 (citing *Brann v. State*, 424 A.2d 699, 702 (Me. 1981)). We can raise the issue of standing sua sponte as it is jurisdictional. See *Nemon v. Summit Floors, Inc.*, 520 A.2d 1310, 1312 (Me. 1987).

*Collins v. State*, 2000 ME 85, ¶ 5, 750 A.2d 1257, 1260.

The petitioner asks this court to analyze the circumstances with guidance from a 1985 decision of the Kennebec County Superior Court wherein it determined that, "[plaintiff] should not be required to exhaust the CON process when the very necessity of the process is seriously in question. The Court is persuaded that this is one of those rare cases in which an agency's decision, even if 'preliminary,' is reviewable because 'review of the final agency action would not provide an adequate remedy.'" 5 M.R.S.A. § 1101(1). *MediMaine v. Petit*, Civil Action CV-84-272 (1985 M.E. Super. LEXIS 31). In that case, the court noted that the Certificate of Need Act does not provide for agency reconsideration of a threshold determination that an acquisition of major medical equipment is reviewable in the absence of a final determination by the commissioner after reconsideration of the review process. The Court held,

> Whether MediMaine will treat hospital inpatients with its scanner is a straightforward, nontechnical question of fact that does not require the special expertise of the Department. If the Department's determination that MediMaine will treat inpatients is unsupported by substantial evidence, its decision to subject MediMaine to the costly, time consuming CON administrative procedure is an essentially arbitrary one.

The respondents, on the other hand, ask this court to be guided by the analysis in a later Superior Court case, under similar circumstances, finding that plaintiff had failed to provide the court with sufficient supporting documentation indicating the actual monetary loss from filing a license application, erroneous administrative orders and other prospective monetary losses, and therefore declined to find "irreparable injury." *Portland Surgery Center, LLC v. Commissioner, Me. Dept. of Human Services*, Cumberland Superior Court Civil Action AP-03-74. In that case, the court was asked to overrule a finding by the CON Unit that plaintiff's proposed ambulatory surgical facility to be located at a specific address in Portland was subject to CON review. Whereas in

*MediMaine* the court found that the issue of whether hospital inpatients would be treated with the scanner was a straightforward, nontechnical question of fact not requiring the special expertise of the Department of Human Services, the *Portland Surgery Center* court found that the analysis as to the ambulatory surgical facility was not as straightforward and nontechnical as the question presented in *MediMaine* and therefore required the expertise of the Department of Human Services.

The CON Act provides:

> A certificate of need from the department is required for: . . .
> (8) Any projects that the Department determines are related projects if such projects, considered in the aggregate, would otherwise require a certificate of need under this section.

22 M.R.S.A. § 329(8).

Obviously the operative word is "related." Neither the statutes nor the regulations appear to provide a definition or a basis for a meaning of the term "related."[2] While the term "related" is clearly ambiguous, it obviously must be interpreted in light of the context, i.e., the requirement of the CON Act. This is more than a straightforward, nontechnical interpretation which any layman could determine from agreed facts; it clearly requires the expertise of the regulatory agency to determine its applicability in this case.

Petitioner has not provided an allegation in its petition as to the nature and extent of the harm to be visited upon it in the event the respondents prevail on its motion to dismiss nor the basis upon which it would be considered irreparable. It goes without saying that the impact on a small hospital in going through the Certificate of

---

[2] The Department of Human Services in its memorandum of law says, "The determination of whether the projects are related requires, but is not limited to, a carefully analysis of (1) the types of services to be offered at each proposed facility; (2) the capital expenditures for each project; (3) the future operating cost for each proposed facility; and (4) the service provider (at each proposed facility). The respondents cite no authority for those standards nor indicates any source for such requirements. Indeed, one of petitioner's serious complaints is the absence of articulated standards for the determination of applicability based upon "relationship."

Need process, particularly if there is a competing application by a larger health facility, is expensive, time consuming, and, in this case, greatly delayed by the moratorium, which, in itself, is of uncertain duration. Adding to that burden is the possibility that the Certificate of Need would be denied leading to the question whether the petitioner would be irreparably harmed by that denial. The tragedy arising out of such circumstances is for the petitioner to undertake the time, expense and delay of the process, whether successful or not, only to have it determined at the conclusion of the process that, as a matter of law, the decision on applicability of the CON Act was in error. Such matters of reality of pure economics in the business world is serious and may be devastating to a small sized health care provider but it is not necessarily an irreparable injury.

Notwithstanding the issue of standing as it relates to petitioner with regard to the constitutional questions, petitioner clearly has not suffered a deprivation of property or its rights at any stage of the proceedings. Its only investment has been the preparation and submission of a letter of intent and the receipt of an unfavorable response. Clearly this requires final agency action, exhaustion of administrative review, as well as the establishment of deprivation of due process.

For all the reasons enumerated, the entry will be:

Respondents' motion to dismiss is GRANTED.[3]

Dated: March ___, 2004

Donald H. Marden
Justice, Superior Court

---

[3] The court has not addressed the estoppel argument brought forward by the petitioner since it is satisfied that the statute, regulation and the Bureau of the Department of Human Services in the previous case are not consistent with the present case.

Date Filed __12/29/03__     __Kennebec__    Docket No. __AP03-70__
                                             County

Action __Petition for Review__
                        80C

__York Hospital__                vs. __Willaim Perfetto & DHS__

**Plaintiff's Attorney**

Joseph M. Kozak, Esq.
160 Capitol Street
Augusta, Maine 04330
Julius Ciembroniewicz, Esq.
Michael D. Seitzinger, Esq.

**Defendant's Attorney**

Janine Keck Massey, AAG
6 State House Station
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 12/29/03 | Petition for Review of Final Agency Action and for Declaratory Relief, filed. s/Kozak, Esq. |
| 1/7/04 | Petitioner's Motion to Specify Future Course of Proceedings, filed. s/Kozak, Esq. s/Seitzinger, Esq. Proposed Order, filed. |
| 1/15/04 | Answer, filed. s/Massey, AAG Entry of Appearance, filed. s/Massey, AAG Respondents' Motion to Dismiss with Incorporated Memorandum of Law and Request for Hearing, filed. s/Massey, AAG Proposed Order, filed. |
| 1/28/04 | Respondents' Response to Petitioner's Motion to Specify Future Course of Proceedings, filed. s/J. Massey, AAG. |
| 2/4/04 | Petitioners' Memorandum in Opposition to Motion to Dismiss, filed. s/Seitzinger, Esq. Petitioners's Statement of Material Facts in Opposition to Motion to Dismiss, filed. s/Seitzinger, Esq. Affidavit of Joseph M. Kozak, Esq. in Opposition to Motion to Dismiss, filed. s/Kozak, Esq. (attached exhibits 1-4) |
| 2/11/04 | Respondent's Motions to Exclude with Incorporated Memorandum of Law, filed. s/Massey, AAG Proposed Order, filed. Respondents' Reply to Petitioner's Opposition to Motion to Dismiss, filed s/Massey, AAG. |
| 2/20/04 | Petitioner's Memorandum in Opposition to Motion to Exclude, filed. s/Kozak, Esq. s/Seitzinger, Esq. |
| 2/27/04 | Respondents' Reply to Petitioner's Opposition to Motion to Exclude, filed. Massey, AAG. |
| 3/2/04 | Hearing held on Motion to Dismiss and Motion to Exclude with Hon. Justice Donald Marden, presiding. Tape #655 Index 1855-3112 Michael Seitzinger, Esq. for the Plaintiff and Janine Massey, AAG for |