STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-15-73

BRIAN K. DALLAIRE, TRUSTEE
OF THE BRIAN K. DALLAIRE
REVOCABLE TRUST,

Plaintiff,

v.                                                              ORDER

SEAN MURPHY,

Defendant.

## I.     Background

Plaintiff Brian K. Dallaire, in his capacity as trustee of the Brian K. Dallaire Revocable Trust, brings this action in an effort to compel the defendant, Sean Murphy, to submit to arbitration. The parties previously entered into a settlement agreement to resolve a prior dispute over a right of way. That settlement agreement provided: "The parties agree that any dispute regarding this Agreement including but not limited to the enforcement of the payment obligations hereunder shall be submitted to Durward W. Parkinson, or another mutually agreeable arbitrator, for binding arbitration." (Pl.'s Compl. Ex. A.)

## II.     Discussion

The court must construe the settlement agreement to determine whether the dispute is subject to arbitration. *See Granger N., Inc. v. Cianchette*, 572 A.2d 136, 138

1

(Me. 1990) ("The question of substantive arbitrability, reserved to the trial court, depends upon the intent of the parties and may be determined by reference to principles of contract interpretation.") "On application of a party showing an agreement described in section 5927 and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration." 14 M.R.S § 5928(1). The parties here do not dispute the existence of an agreement to arbitrate, but rather dispute the scope of the agreement.

Plaintiff brings suit to compel arbitration to resolve a number of issues. In his complaint, request for arbitration, and affidavit, he alleges the defendant has violated the settlement agreement by parking cars and trucks within the right of way and cutting a maple tree. Plaintiff also asks the court to reform that part of the settlement agreement concerning the re-location of a utility pole, which according to Central Maine Power is not possible in the location contemplated by the parties when they entered the settlement agreement. Lastly, plaintiff alleges the defendant has trespassed by launching and beaching his kayak on a beach located on the trust property.

Defendant moves to dismiss the plaintiff's complaint on two grounds. First, not all the parties to settlement agreement have been joined; defendant contends they are necessary parties under Rule 19.[1] Second, defendant argues that the trespass involving the kayak does not concern the right of way and is thus outside the terms of the settlement agreement and not subject to arbitration.

In opposition to the defendant's partial motion to dismiss, the plaintiff maintains the only matters that he seeks to resolve at arbitration are the parking and tree issues.

---

[1] Defendant moves to dismiss pursuant to M.R. Civ. P. 12(b)(6), but dismissal for failure to join a necessary party is governed by Rule 12(b)(7).

2

Because both concern the right of way and are clearly covered by the settlement agreement and arbitration clause, the parties shall proceed to arbitration.

The plaintiff does not contend any other party to the settlement agreement violated the terms of the agreement or are necessary to afford the relief sought. Those parties' interests are not implicated by the dispute between plaintiff and defendant. They are therefore not necessary parties within the meaning of Rule 19. *See* M.R. Civ. P. 19(a); *Peoples Heritage Bank v. Grover*, 609 A.2d 715, 716 (Me. 1992); *Ocwen Fed. Bank, FSB v. Gile*, 2001 ME 120, ¶ 14, 777 A.2d 275.

The entry shall be:

Plaintiff's motion to compel arbitration is GRANTED.

SO ORDERED.

DATE: October ___, 2015

11/24/15

_____
John O'Neil, Jr.
Justice, Superior Court

3

RE-15-73

ATTORNEY FOR PLAINTIFF:
JAMES AUDIFFRED
LAW OFFICE OF JAMES L. AUDIFFRED
374 MAIN STREET
PO BOX 1005
SACO, ME 04072

ATTORNEY FOR DEFENDANT:
FRANK CHOWDRY
CHOWDRY PHALON LLC
2 MONUMENT SQUARE SUITE 704
PORTLAND, ME 04101